UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARDINE GOUGIS,<br><br>Plaintiff,<br><br>v.<br><br>KAZI FOODS, INC. D/B/A KENTUCKY FRIED CHICKEN #105, EVERLAST INVESTMENT, LLC, and DOES 1–10,<br><br>Defendants. | Case No.: CV 20-03965-CJC (JCx)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF AND PLAINTIFF'S COUNSEL SHOULD NOT BE HELD IN CONTEMPT OR SANCTIONED** |

On April 30, 2020, Plaintiff Jardine Gougis filed this action against Defendants Kazi Foods, Inc. (D/B/A Kentucky Fried Chicken #105), Everlast Investment, LLC, and unnamed Does, alleging violations of the Americans with Disabilities Act, California's Unruh Civil Rights Act, California's Disabled Persons Act, California's Unfair Competition Law, and negligence.  (Dkt. 1.)  She alleges that she twice attempted to visit a restaurant owned by Defendants, but the restaurant does not provide proper van-accessible parking spaces designated for people with disabilities.  (*Id*. ¶¶ 11–14.)  Plaintiff seeks injunctive relief under the ADA and the Unruh Act, and statutory damages

-1-

under the Unruh Act and the Disabled Person's Act.  (*Id.* at 12, ¶¶ 30, 36.)  Plaintiff is represented in this action by the So. Cal. Equal Access Group, with Jason J. Kim and Jason Yoon as counsel of record.

On May 4, 2020, the Court ordered Plaintiff to show cause why it should not decline to exercise supplemental jurisdiction over her Unruh Act and other state law claims.  (Dkt. 8.)  The Court directed Plaintiff to include in her response a declaration providing all facts necessary for the Court to determine if she satisfies the definition of a "high-frequency litigant" under California Code of Civil Procedure § 425.55(b)(1).  (*Id.*)  In her response to the Court's order to show cause, Plaintiff declared that she has "filed a total of 2 complaint alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint."  (Dkt. 9-2 ¶ 2.)  Accordingly, she declared that she "**do[es] not** qualify as a high-frequency litigant as that term is used by California law."  (*Id.* ¶ 4 [emphasis in original].)

However, according to the Court's search of the Central District of California's docket, Plaintiff filed *fifteen* other construction-related accessibility cases in the twelve months preceding the filing of this case.  (She has also filed four similar cases since then.)  In each of those cases, Plaintiff asserts nearly identical claims and is represented by the So. Cal. Equal Access Group, Jason Kim, and Jason Yoon.  Those cases are:

  1. 2:19-cv-10253-JAK-GJS, *Jardine Gougis v. Adrian Mendez, et al.*, filed December 3, 2019;
  2. 2:19-cv-10517-PA-MRW, *Jardine Gougis v. Pacoima Automotive, et al.*, filed December 12, 2019;
  3. 2:20-cv-00177-PSG-AFM, *Jardine Gougis v. Foodland Chinese Fast Food, LLC, et al.*, filed January 7, 2020;

4. 2:20-cv-00594-PSG-JPR, *Jardine Gougis v. Hidden Garden Floral Designs Inc., et al.*, filed January 21, 2020;

5. 2:20-cv-00997-PA-KS, *Jardine Gougis v. Antonio Prado, et al.*, filed January 30, 2020;

6. 2:20-cv-01381-DSF-GJS, *Jardine Gougis v. Leiserv, LLC, et al.*, filed February 11, 2020;

7. 2:20-cv-01797-CJC-AFM, *Jardine Gougis v. Anthony Askar, et al.*, filed February 25, 2020;

8. 2:20-cv-02162-FMO-JPR, *Jardine Gougis v. OneUnited Bank, et al.*, filed March 5, 2020;

9. 8:20-cv-00537-DOC-JDE, *Jardine Gougis v. California Food Management, LLC, et al.*, filed March 16, 2020;

10. 2:20-cv-03111-JAK-E, *Jardine Gougis v. Hai Oang Saing, et al.*, filed April 2, 2020;

11. 2:20-cv-03229-DSF-AS, *Jardine Gougis v. Dancin, Inc.*, filed April 7, 2020;

12. 2:20-cv-03490-AB-AFM, *Jardine Gougis v. Yum Yum Donut Shops, Inc., et al.*, filed April 15, 2020;

13. 2:20-cv-03539-JAK-PJW, *Jardine Gougis v. Westler Corporation, et al.*, filed April 16, 2020;

14. 2:20-cv-03614-MWF-PVC, *Jardine Gougis v. Garfield Beach CVS, LLC, et al.*, filed April 20, 2020;

15. 2:20-cv-03686-VAP-MRW, *Jardin Gougis v. Jose Elias Orozco, et al.*, filed April 22, 2020.

The Court also notes that in the seventh case, *Jardine Gougis v. Anthony Askar, et al.*, Plaintiff submitted a similar declaration claiming to have filed only two construction-

related accessibility complaints in the preceding twelve months.  (Case No. 2:20-cv-01797-CJC-AFM (Feb. 25, 2020), Dkt. 9-1 ¶ 2.)  In fact, she had filed six.

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE** why she should not be held in contempt or sanctioned for her misrepresentation to this Court regarding her prior litigation.  Plaintiff is further **DIRECTED** to file a response to this order to show cause by June 1, 2020.  A sufficient response will be a dismissal of the complaint, or a written response including an accurate account of all facts necessary for the Court to determine if she satisfies the definition of a "high-frequency litigant" under California Code of Civil Procedure § 425.55(b)(1).  Failure to respond to this order will result in dismissal of the Complaint.  If Plaintiff does not dismiss her Complaint, the Court will hold a hearing on this order to show cause on **Tuesday, June 30, 2020** at 1:30 p.m. in the First Street United States Courthouse, Courtroom 7C, 350 W. 1st Street, Los Angeles, CA 90012.  Since Defendants have not yet been served or appeared in this case, they have no obligation to respond to this order to show cause or to appear at the hearing.

The Court must separately address Mr. Yoon and Mr. Kim's role in this matter.  Troublingly, this is not the first time that they have submitted a declaration to this Court with false information.  In a similar case, *Guri Gonzalez v. Reggies Enterprises, Inc. et al.*, Mr. Yoon and Mr. Kim submitted a declaration in which the plaintiff claimed to have filed only one complaint alleging construction-related accessibility violations in the last twelve months.  (Case No. 2:20-cv-02398-CJC-KS, Dkt. 9-2 ¶ 2.)  After reviewing District records, the Court found that Ms. Gonzalez had, in fact, filed *eight* construction-related accessibility actions in the relevant period, and was represented by the So. Cal. Equal Access Group in all eight actions.  (*Id.*, Dkt. 11.)  Mr. Yoon and Mr. Kim were the counsel of record in every one of those cases.

The Court does not take this matter lightly.  Mr. Yoon and Mr. Kim have represented Ms. Gougis in fifteen construction-related accessibility actions in the last six months.  Nevertheless, they submitted to the Court an affidavit in which she declared under penalty of perjury that she had only filed *two* such complaints.  Under the Federal Rules of Civil Procedure, it is sanctionable misconduct for an attorney to submit an affidavit that he knows contains false information.  Fed. R. Civ. P. 11(b)(3).  California's Rules of Professional Conduct similarly forbids a lawyer from "offer[ing] evidence that the lawyer knows to be false."  Cal. R. Prof'l Conduct 3.3.  The Court is particularly disturbed by this conduct given how frequently Mr. Yoon and Mr. Kim litigate in the Central District of California.  In 2019 and 2020, Mr. Yoon and Mr. Kim filed more than 60 cases that were assigned to this Court.  During the same period, they filed hundreds of cases in this District.

Mr. Yoon and Mr. Kim are therefore *separately* **ORDERED TO SHOW CAUSE** why they should not be sanctioned for submitting the declaration discussed above.  Counsel are **DIRECTED** to file a response to this order to show cause by June 1, 2020, and are further **DIRECTED** to respond *regardless* of whether Plaintiff voluntarily dismisses this action.

DATED:   May 21, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE